UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 07-105

CHARLES EUGENE PREWITT                      SECTION: R

**ORDER AND REASONS**

Before the Court is defendant Charles Prewitt's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] For the following reasons, the Court DENIES Prewitt's motion.

**I. BACKGROUND**

In October 2007, Prewitt pleaded guilty to Count 1 of his Indictment, which charged him with conspiring to distribute and possessing with intent to distribute five kilograms or more of cocaine hydrochloride and included a charge under 21 U.S.C. § 851 for Prewitt's previous conviction of a felony drug offense.[2] In sentencing Prewitt, the Court calculated his total offense level as 29 and his criminal history category as III,[3] which included two points added under U.S. Sentencing Guidelines (USSG) §4A1.1(e) since the offense occurred within two years of Prewitt's last release from prison. The applicable guideline

---

[1] R. Doc. 285.

[2] R. Doc. 69, 72.

[3] R. Doc. 240.

range was 108-135 months, but the offense carried a statutory minimum sentence of 240 months in light of Prewitt's prior felony conviction. *See* 18 U.S.C. § 841(a)(1). For reasons discussed under seal, the Court departed from the statutory minimum and sentenced Prewitt to 156 months imprisonment.[4]

On February 22, 2012, Prewitt filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Prewitt's motion was mistakenly reviewed by the Crack Cocaine Retroactivity Committee as a motion made pursuant to USSG Amendment 750, and thus the Court rejected Prewitt's motion since he had not been sentenced for a crack conviction.[5] Prewitt appealed, and upon motion from the Government, the Fifth Circuit remanded the matter to this Court.[6]

**II. DISCUSSION**

Prewitt claims that his sentence should be reduced, due to the Sentencing Commission's adoption in 2010 of Amendment 742, which eliminated the recency points under USSG § 4A1.1(e). Without the two additional points, Prewitt's criminal history category would have been II rather than III and his guideline sentence lower. But, under USSG § 5G1.1(b), "where a statutorily

---

[4]   R. Doc. 156.

[5]   R. Doc. 290.

[6]   R. Doc. 300.

required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Thus, reducing Prewitt's criminal history to II would not have affected his statutory minimum sentence and thus his guideline sentence. Nevertheless, Prewitt argues that under USSG § 1B1.10(b)(2)(B), his sentence may be lowered. He contends that since he received a sentence under the statutory minimum for reasons discussed under seal and Amendment 742 lowered his guideline range, his sentence should be reduced to reflect the new guideline range.

Prewitt concedes that Fifth Circuit case law precludes the relief he seeks and that he raises this argument to preserve it for appeal.[7] Indeed, the Court finds Prewitt's contentions to be without merit. First, under 18 U.S.C § 3582(c)(2):

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentence range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In USSG § 1B1.10, the Sentencing Commission identified the amendments that may be applied retroactively, and Amendment 742 is not included. *See United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996)("3582(c)(2) applies *only* to amendments to the

---

[7] R. Doc. 285 at 5.

Guidelines that operate retroactively, as set forth in the Guidelines policy statement, U.S.S.G. § 1B1.10(d).") (internal citation omitted) (original emphasis). Therefore, the Court may not retroactively modify Prewitt's sentence pursuant to Amendment 742.

Moreover, even if Amendment 742 were retroactive, it would have no effect on Prewitt's statutory minimum sentence set forth in 18 U.S.C. § 841(a)(1).[8] *See United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994) (statutory minimum sentence "overrides retroactive application of the new guideline"). As Prewitt acknowledges, in *United States v. Carter*, the Fifth Circuit held that a defendant whose sentence was based on a statutory minimum, not a subsequently amended Guideline range, was not eligible for a sentence reduction, even though he had received a downward departure from the statutory minimum for his substantial assistance. 595 F.3d 575 (5th Cir. 2010). Prewitt presents no basis on which to distinguish his case, and thus the Court must follow the precedent set forth in *Carter*.

Lastly, the Court rejects Prewitt's contention that the Sentencing Commission's restrictions on the amendments that may be applied retroactively violates the separation of powers doctrine by giving Article III power to the Commission. In *United States v. Garcia*, the Fifth Circuit addressed the issue of the

---

[8]

Sentencing Commission's authority to issue policy statements that are binding on courts as they determine whether to modify sentences. 655 F.3d 426 (5th Cir. 2011). The court held, "Congress has set forth sufficient standards for the Commission in exercising its discretion, and § 1B1.10 does not present a separation-of-powers problem." *Id*. at 435.

Accordingly, Prewitt has not set forth any valid basis for a reduction of his sentence, and thus the Court DENIES his motion.

New Orleans, Louisiana, this 2nd day of May, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE